{¶ 43} I concur in the majority's analysis and disposition of appellant's, first, third, fourth, fifth and sixth assignments of error. However, I respectfully disagree with the majority's analysis and disposition of appellant's second assignment of error.
 {¶ 44} While I agree appellant is liable to appellee on an implied contract theory, such implied contract is only for storage fees. Appellant is not liable for Hay's towing fees. It appears the settlement offer on October 17, 2005, factored in both types of charges. A settlement offer which is rejected should not be used as the basis for damages, let alone a settlement offer which incorporates a claim for damages for which appellant was not responsible. The trial court's reference to appellant's being aware appellee was in possession of the vehicle from at least August 15, 2005, contradicts appellee's admission. The trial court should determine the date the implied contract for storage commenced and calculate damages therefrom without reference to the $525.00 settlement offer. From September 20, 2005, forward, the storage fees were recoverable from appellant as a matter of an express contract until appellant repossessed the vehicle. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed. Costs to appellant. *Page 1